IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL FREELANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-03089-SRB |
| ) | |
| STATE AUTO PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Before the Court is Defendant State Auto Property and Casualty Insurance Company's ("State Auto") Motion to Strike and/or Limit Expert Testimony and Opinions of Anthony Rolfes. (Doc. #151.) For the reasons stated below, the motion is DENIED.

**I. BACKGROUND**

This insurance-coverage dispute arises under a commercial property insurance policy (the "Policy") that State Auto issued to Plaintiff Michael Freelander ("Freelander"). Freelander owns a commercial building located at 630 George Street, Marshfield, Missouri (the "Property"), which Freelander claims was damaged during a storm that occurred on February 6, 2019. Freelander filed a claim with State Auto for that damage, which State Auto denied.

Freelander filed suit against State Auto in the Circuit Court of Webster County, Missouri, alleging breach of contract (Count I) and vexatious refusal to pay (Count II) based on State Auto's denial of Freelander's property-damage claim. State Auto removed the suit to federal court based on diversity jurisdiction.

On October 9, 2020, Freelander timely disclosed Anthony Rolfes ("Rolfes") as an expert witness, stating:

> Mr. Rolfes is a roofing specialist and expert estimator. Mr. Rolfes's testimony will address all topical area contained within any and all expert estimates and/or reports, both original and supplemental, created by this expert regarding the subject property, as well as any topic addressed by this expert within any deposition testimony he provides.
>
> Mr. Rolfes's testimony may include, but not be limited to the date on which the precipitating event occurred, the effect of the subject wind event in this matter upon the subject property, the structural damage, both actual and consequential, that resulted from the same, and the resulting calculation of damages to said property.

(Doc. #63, p. 3.)

Freelander included the following documents in the disclosure: an "Expert Report" (Doc. #63-2, pp. 6–8), an "Expert CV" (Doc. #63-2, pp. 9–11), an "Estimate" (Doc. #63-2, pp. 12–19), and a "Disclosure of Compensation" (Doc. #63-2, p. 20). The submitted Expert Report consisted of a list of Rolfes's prior expert witness work. On August 31, 2022, Freelander filed Rolfes's Supplemental Expert Report. Rolfes was deposed on December 1, 2022. During that deposition, Rolfes testified that he normally includes "a brief summary of what [he] did to kind of arrive at the estimate" and "usually submit[s] it with the estimate," but he did not do so in this case. (Doc. #153-4, p. 10.)

On March 1, 2023, State Auto filed the instant motion to exclude Rolfes as a witness in this case. Freelander opposes the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Pursuant to Rule 26(a)(2)(B), an expert witness disclosure "must be accompanied by a written report" that contains, among other things "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data that will be used to summarize or support them[.]" If a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citations omitted).

### III. DISCUSSION

State Auto argues the Court should strike Rolfes's opinions and preclude Rolfes from testifying at trial because his expert disclosure did not comply with Rule 26(a), and such a failure "was not substantially justified nor was it harmless[.]" (Doc. #159, p. 9.) Freelander disagrees.

The Court agrees with Freelander that the omission of an expert report is harmless. The inclusion of Rolfes's testimony would not be surprising, prejudicial, or disrupting to the order and efficiency of trial. State Auto does not argue that the disclosure lacked information regarding Rolfes's qualifications. The error at issue is that the initial and supplemental disclosures of Rolfes's testimony lacked an explanation of how Rolfes calculated the provided estimates. State Auto had the opportunity to and did depose Rolfes regarding the data or methods used to calculate the estimates.

For the reasons stated in Freelander's opposition, and because "the exclusion of evidence is harsh penalty and should be used sparingly," the Court declines to excludes Rolfes's opinion. *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that State Auto's Motion to Strike (Doc. #151) is DENIED.

**IT IS SO ORDERED.**

                                                  /s/ Stephen R. Bough
                                                  STEPHEN R. BOUGH
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 28, 2023